UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| G.R., Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15CV67 SNLJ |
| | ) |
| BRANDON SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Brandon Smith's motion to dismiss. The motion has been fully briefed and the matter is ripe for disposition.

Defendant Smith seeks dismissal under the Eleventh Amendment of the claim in count I against him in his official capacity. Since plaintiff sued defendant Smith in his individual and official capacities, Smith argues that the claim must be dismissed against him in his official capacity because plaintiff is seeking an award of monetary damages. "Defendant is correct in his argument." *Brown v. Hancock*, 4:10CV2045, 2011 WL 4528459, at *2 (E.D. Mo. Sept. 29, 2011). "A suit against a state actor in his official capacity is 'tantamount to a lawsuit against the state.'" *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). "The Eleventh Amendment immunizes the states from suit, thus, neither a state nor its officials acting in their official capacities are 'persons' under § 1983 when sued for damages." *Id.* (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70–71 (1989)). Plaintiff's claim against defendant Smith in his official capacity must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Brandon Smith's motion to dismiss the claim in count I against him in his official capacity (ECF # 7) is **GRANTED**.

Dated this 22nd day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE